1  James R. Touchstone, SBN 184584
   jrt@jones-mayer.com
2  Denise L. Rocawich, SBN 232792
   dlr@jones-mayer.com
3  JONES & MAYER
   3777 North Harbor Boulevard
4  Fullerton, CA 92835
   Telephone:  (714) 446-1400
5  Facsimile:   (714) 446-1448

6  Attorneys for Defendant,
   CITY OF FULLERTON, JOSE TORRES,
7  STEPHEN RODRIGUEZ, CYTHINA MENDEZ
   RICHARD HERRERA

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTIN HERNANDEZ GONZALEZ; HORACIO HERNANDEZ DE LOS SANTOS,<br><br>           Plaintiffs,<br><br>     vs.<br><br>CITY OF FULLERTON, JOSE TORRES; STEPHEN RODRIGUEZ; CYTHIA MENDEZ; RICHARD HERRERA; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No:  SACV10-01763 JST(MLGx)<br><br>**STIPULATED PROTECTIVE ORDER** |

# [**PROPOSED**] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c), Defendants City of Fullerton, Jose Torres, Stephen Rodriguez, Cynthia Mendez and Richard Herrera ("City Defendants") and Plaintiffs Jose Martin Hernandez Gonzalez and Horacio Hernandez De Los Santos (collectively "the Parties"), by their undersigned counsel, agree to be bound to the terms of the following Protective Order. The Parties represent that pre-trial discovery in this case may include matters that are confidential and privileged and may require the production of Peace Officer Personnel File Information and/or Documents which the Parties agree includes: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history; (3) Election of employee benefits; (4) Employee advancement, appraisal, or discipline; and (5) Complaints, or investigations of complaints, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties. Such information is privileged as official information. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. Cal. 1990); see also Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Peace Officer Personnel File Information and/or Documents is hereinafter referred to as "Confidential Information".

The Parties represent that public disclosure of such material poses a substantial risk of embarrassment, oppression and/or physical harm to peace officers whose Confidential Information is disclosed. The Parties further represent that the risk of harm to peace officers is greater than with other government employees due to the nature of their profession. Finally, the Parties represent that the benefit of public disclosure of Confidential Information is minimal while the potential disadvantages are great.

Accordingly, good cause exists for entry of this Protective Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. See Fed. R. Civ. Proc. 26(c).

**SO STIPULATED**

Dated:                        Respectfully submitted,

JONES & MAYER

By:_____
    JAMES R. TOUCHSTONE
    DENISE L. ROCAWICH
    Attorneys for City of Fullerton, Jose Torres, Stephen Rodriguez, Cynthia Mendez and Richard Herrera

Dated:                        Respectfully submitted,

STOCK LAW CORPORATION

By:_____
    JOSHUA R. STOCK
    Attorney for Plaintiffs
    Jose Martin Hernandez Gonzalez and Horacio Hernandez De Los Santos

# [~~PROPOSED~~] PROTECTIVE ORDER

PER THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING, **IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order shall govern the handling of Discovery Materials containing Confidential Information in matter of *Gonzalez et al. v. City of Fullerton et al. USCD Case No. SACV09-1347 JVS(RNBX)* ("the Litigation"):

**1. Applicability of Order:** This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by Plaintiffs in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

**2. Designation of Material:** City Defendants may designate Discovery Material that is in their possession, custody or control to be produced to Plaintiffs as "Confidential Information" under the terms of this Order if City Defendants in good faith reasonably believe that such Discovery Material contains non-public, confidential material as defined in section 4 below.

**3. Exercise of Restraint and Care in Designating Material for Protection:** When designating Discovery Material for protection as Confidential Information under this Order, City Defendants must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

**4. Confidential Information:** For purposes of this Order, Confidential Information is any information and/or documents that City Defendants believe in good faith to be Peace Officer Personnel File Information and/or Documents including: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history; (3) Election of

employee benefits; (4) Employee advancement, appraisal, or discipline; and (5) Complaints, or investigations of complaints, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties.

   **5.** **Designating Confidential Information:** The designation of Discovery Material as Confidential Information for purposes of this Order shall be made in the following manner:

   a. Documents: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by stamping "Confidential" to each page containing any Confidential Information.

   b. Deposition and Other Proceedings: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such deposition or other pre-trial proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Information. Thereafter, only those portions properly designated shall be deemed Confidential Information.

   c. Non-Written Materials: Any non-written Confidential Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential". In the event Plaintiffs generate any "hard copy" transcription or printout from any such designated non-

written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

**6.** **Inadvertent Disclosure:** The inadvertent failure to designate Discovery Information as "Confidential" does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. Plaintiffs shall exercise good faith efforts to ensure that copies they make of Confidential Information produced to them, and copies made by others who obtained such Confidential Information directly or indirectly from the Plaintiffs include the appropriate confidentiality legend, to the same extent that the Confidential Information has been marked with the appropriate confidentiality legend by the City Defendants.

**7.** **No Waiver of Privilege:** Inadvertent disclosure of Confidential Information or otherwise privileged information shall not constitute a waiver of, or estoppel as to any claim of privilege. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d).

**8.** **Claw-Back:** Pursuant to Federal Rule of Civil Procedure 26(b)(5), upon learning it may have produced Confidential or otherwise privileged Information, City Defendants shall, within ten (10) days of such discovery, request the return of such Information in writing by indentifying the Confidential or otherwise privileged Information and stating the basis on which the Information should be withheld from production. After being notified, Plaintiffs must promptly return, sequester, or destroy the Confidential or otherwise privileged Information and any copies, must not use or disclose the Information until the claim is resolved and must take reasonable steps to retrieve the Confidential or otherwise privileged Information if he disclosed the Information before being notified. If Plaintiffs dispute City Defendants' claim of confidentiality or privilege; they shall notify City Defendants of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Confidential or otherwise

privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Parties do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies. If such a motion is made, City Defendants shall submit to the Court for in camera review under seal a copy of the disputed Information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. City Defendants must preserve the Information claimed to be privileged or otherwise protected until the claim is resolved.

      **9.** **Notes of Confidential Information:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Information that quote from or paraphrase, Confidential Information with such specificity that the Confidential Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Order.

      **10.** **Persons Authorized To Receive Confidential Information:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    a.    The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

    b.    Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

    c.    Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order"

attached hereto as Exhibit "A" prior to the time such Information is disclosed; and

  d. Any other person, only upon order of the Court or upon stipulation of the City, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such Information is disclosed. However, under no circumstances shall home addresses or telephone numbers of individual defendants be provided to Plaintiffs .

**11.** **Use of Confidential Discovery Material:** Discovery Material containing Confidential Information shall be used solely for purposes of the Litigation, including any appeal and re-trial. Any person or entity in possession of Discovery Material designated Confidential shall maintain those materials in accordance with Paragraph (storage) below.

**12.** **Storage Of Confidential Information:** The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

**13.** **Filing of Confidential Information:** Without written permission from City Defendants or a Court order, Plaintiffs may not file in the public record in this action any Confidential Information. The Parties shall comply with Local Rule 79-5 when seeking to file Confidential Information under seal. The party desiring to place any Confidential Information before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Information under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Information" and a statement substantially in the following form:

1     THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A
2     PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT
3     IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE
4     DISPLAYED,REVEALED, OR MADE PULBIC, EXCEPT BY
5     ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT
6     NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

7     Additionally, within seven (7) days from the date that the papers (or portions
8 thereof) were filed under seal consistent with the above procedures, the party who filed
9 the papers under seal also shall file in the public record a version of the papers that has
10 been redacted to omit the Confidential Information or any references thereto).

11     The Parties shall also comply with Local Rule 79-5.4 with respect to the
12 appropriate treatment of personal identifier information in connection with any filing
13 with the Court.

14     **14.**     **No Prejudice:** Agreeing to be bound by this Protective Order, agreeing to
15 and/or producing or receiving Confidential Information or otherwise complying with the
16 terms of this Order shall not:

17     a.     Prejudice in any way the rights of City Defendants to object to the
18           production of documents it considers not subject to discovery, or
19           operate as an admission by City Defendants that the restrictions and
20           procedures set forth herein constitute adequate protection for any
21           particular information deemed by City Defendants to be Confidential
22           Information;
23     b.     Prejudice in any way the rights of City Defendants to object to the
24           authenticity or admissibility into evidence of any document,
25           testimony or other evidence subject to this Order;
26     c.     Prejudice in any way the rights of City Defendants to seek a
27           determination by the Court whether any Confidential Information
28           should be subject to the terms of this Order;

**15. Challenging Designation of Information:** Plaintiffs may challenge the propriety of a Confidential Information designation by providing to City Defendants a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge. Once a challenge is made, City Defendants will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, City Defendants will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Information designation(s). Until the Court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the City's designation.

**16. Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Information until its counsel has executed an agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Information until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A".

**17. Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

**18. Conclusion of Litigation:** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Information shall either return such material and all copies thereof to counsel for City Defendants or destroy all such Confidential Information

including the Confidential Information Plaintiffs provided to other persons. In either case, counsel for Plaintiffs must certify that fact to counsel for the City.

**19.     Redaction Allowed:** City Defendants may redact Confidential Information from documents and things produced. City Defendants shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.

**20.     Violations of Protective Order:** In the event that any person or party should violate the terms of this Protective Order, the aggrieved party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge.

**IT IS SO ORDERED.**

Dated:  December 8, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

## EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTIN HERNANDEZ GONZALEZ; HORACIO HERNANDEZ DE LOS SANTOS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FULLERTON, JOSE TORRES; STEPHEN RODRIGUEZ; CYTHIA MENDEZ; RICHARD HERRERA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: SACV10-01763 JST(MLGx)<br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |

1. I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this Litigation (Case No. SACV09-1347 JVS(RNBX) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

2. I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

3. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

4. If I receive documents or information designated as Confidential Information (as that term is defined in the Protective Order), I understand that such Information is provided to me pursuant to the terms and restrictions of the Protective Order.

5. I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any Confidential Information disclosed to me pursuant to the terms of the Protective Order.

6. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is:_____

My present employer is: _____

Dated: _____

Signed: _____